IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LARRY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 109-145 |
| ) | |
| THE PEP BOYS, INC., ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* in the above-captioned employment discrimination case, which was filed on November 23, 2009. Because he is proceeding *pro se*, the Court provided Plaintiff with some basic instructions regarding the development and progression of this case. (Doc. no. 3.) In those instructions, the Court explained that Plaintiff is responsible for serving Defendant and explained how service could be accomplished. (Id. at 1-2.) Specifically, Plaintiff was instructed to obtain an appropriate number of copies of: (1) the notice of lawsuit and request for waiver of service of summons form; and (2) the waiver of service of summons form. (Id. at 1.) He was further instructed to complete the notice of lawsuit and request for waiver of service of summons form and mail it by first class mail, along with the original complaint and a blank waiver of service of summons form, to Defendant. (Id. (citing Fed. R. Civ. P. 4(d).) The Court also specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days from the date his complaint was filed to

accomplish service and that the failure to accomplish service could result in dismissal of this lawsuit. (Id. at 2.) Notably, Plaintiff was further cautioned that even if Defendant chose not to waive formal service of the summons, he was still responsible for properly effecting service of the summons and complaint. (Id. (citations omitted).)

On March 5, 2010, Plaintiff filed what was docketed as a "Certificate of Service," in which Plaintiff stated that he had served Defendant on December 23, 2009, but had not received any communication from Defendant since that date. (Doc. no. 4, p. 1.) Plaintiff also attached a copy of a certified mail return receipt addressed to Defendant. (Id. at 2-3.) However, as explained in the Court's March 18, 2010 Order, this return receipt did not establish that service of process had been accomplished. Indeed, Plaintiff's "Certificate of Service" did not indicate that he had obtained the requisite forms from the Clerk of Court necessary to properly serve Defendant, much less that those forms had been included with whatever documents were sent to Defendant. Moreover, the return receipt did not reflect that any documents sent were directed to an officer, a managing or general agent, or any other agent authorized to receive service of process for Defendant, as required by Fed. R. Civ. P. 4(d)(1)(A)(ii). Accordingly, the Court granted Plaintiff twenty (20) days from its March 18th Order to properly effect service on Defendant and directed the Clerk to include the required forms with Plaintiff's service copy of the March 18th Order. (Doc. no. 5, p. 3 & n.1.) Plaintiff was further ordered to submit proof of service within this 20-day period. (Id. at 3.)

In response to the March 18th Order, Plaintiff filed another "Certificate of Service" indicating that he had mailed the completed notice of lawsuit and request for waiver of service of summons, as well as a blank waiver of service of summons, to the Chief Executive

2

Officer and another individual associated with Defendant's company on March 23, 2010 and March 24, 2010. (Doc. no. 6.) Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant has 60 days from the date the request for waiver is mailed to answer the complaint. However, the 60-day period expired, and Defendant did not file an executed waiver of service with the Court or otherwise make an appearance in this case indicating that service had been properly accomplished. Accordingly, on June 9, 2010, the Court directed Plaintiff to show cause why his case should not be dismissed without prejudice for failure to effect service. (Doc. no. 7.) Plaintiff did not respond to the Show Cause Order.

Under Fed. R. Civ. P. 4(l), "[u]nless service is waived, proof of service must be made to the court." The time period for service has long since elapsed, and there is neither an executed waiver of service nor any other proof in the record demonstrating that service has been properly accomplished. As the Court explained in its March 18th and June 9th Orders, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 5, p. 3; doc. no. 7, p. 3); see also Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant

3

is evading service or if the statute of limitations would bar a re-filed action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence in this case that Defendant is attempting to evade service. As to the statute of limitations issue, the Court notes that Title VII actions such as this one must be brought within ninety (90) days after the Equal Employment Opportunity Commission notices a complainant of his right to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1); Santini v. Cleveland Clinic, 232 F.3d 823, 825 (11th Cir. 2000) (*per curiam*); Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339-41 (11th Cir. 1999). Here, Plaintiff states that he received his "right to sue" letter on August 31, 2009. (Doc. no. 1, p. 2.) Thus, while the instant action was commenced within the requisite 90-day period, if this case were dismissed, the statute of limitations would bar a re-filed action.[1]

That said, the expiration of the statute of limitations does not necessarily require that the time for service under Rule 4(m) be extended. Horenkamp, 402 F.3d at 1133 (citing Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996), and Petrucelli v.

---

[1]The Eleventh Circuit has recognized that the 90-day statute of limitations may be equitably tolled where a plaintiff files suit outside the limitations period but nonetheless acted promptly and with due diligence in filing suit. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). As the current action is timely, there is nothing to suggest that such an "extraordinary remedy" is warranted on this basis. Id. Furthermore, the dismissal of a timely filed complaint does not allow a later complaint to be filed outside the statute of limitations. Id. (citing Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982)). In other words, as aptly stated by another court, "[O]nce a suit is dismissed, even if without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations period is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" Ciralsky v. C.I.A., 355 F.3d 661, 672 (D.C. Cir. 2004) (quoting Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000)). Since the statute of limitations in this case expired while this case was pending, if this case were dismissed, any re-filed action would be time-barred.

Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995)). Indeed, "absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." Petrucelli, 46 F.3d at 1306.

Here, Plaintiff filed his complaint in November 2009, nearly 8 months ago, and has been given multiple extensions beyond the 120-day period to properly serve Defendant. While it appears that Plaintiff has made attempts to serve Defendant, as noted above, Defendant has not filed an executed waiver of service with the Court or otherwise made an appearance in this case indicating that service has been properly accomplished. Plaintiff was previously cautioned on multiple occasions that even if Defendant chose not to waive formal service of the summons, he was still responsible for properly effecting service of the summons and complaint. (Doc. no. 3, p. 2; doc. no. 5, p. 2; doc. no. 7, pp. 1-2.) Indeed, under Fed. R. Civ. P. 4(l), Plaintiff has the burden of demonstrating that service has been properly accomplished. See Familia de Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980).[2] Thus, when Defendant failed to return an executed waiver, the burden was Plaintiff to properly effect service and file appropriate proof of service with the Court, which he has not done. The Court also notes that Plaintiff has failed to respond to the Court's June

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9th Show Cause Order[3] or otherwise show good cause for extending the time for service any further.

The Court has warned Plaintiff on multiple occasions that failure to properly effect service upon Defendant or to otherwise prosecute this action would lead to dismissal. (See doc. no. 3, pp. 1-2; doc. no. 5, pp. 1-2; doc. no. 7, pp. 1, 3.) Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "must dismiss the action without prejudice . . . ." However, other courts have recognized the propriety of dismissing a case with prejudice for failure to serve where the statute of limitations would bar a re-filed action, and thus, any re-filed action would be futile. See Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 297-98 (N.D. Ga. 2008) (citations omitted) (dismissing case with prejudice where the plaintiff had failed to timely effect service and the statute of limitations had expired); see also Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (noting that where a dismissal "has the effect of precluding [a plaintiff] from refiling his case due to the running of the statute of limitations, . . . [t]he dismissal [is] tantamount to a dismissal with prejudice" (citations omitted)).

Accordingly, because the statute of limitations would bar a re-filed action and due to the circumstances discussed above, the Court finds that it is appropriate to recommend the dismissal of the instant case with prejudice. See Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008) (*per curiam*) (affirming district court's dismissal for failure to timely effect service where the district court had considered the rules dictated by Horenkamp and Lepone-

---

[3]Notably, the Local Rules of this Court provide for the dismissal of an action where there has been "[w]illful disobedience or neglect of any order of the Court." Loc. R. 41.1(b).

Dempsey); see also Kimbrough v. City of Cocoa, No. 6:05-CV-471, 2006 WL 1643364, at *2 (M.D. Fla. June 6, 2006) (dismissing defendant for failure to timely effect service, even though the statute of limitations would bar a later action, where the plaintiff had received multiple extensions to serve the defendant). Therefore, the Court **REPORTS** and **RECOMMENDS** that the case be **DISMISSED** with prejudice for failure to timely effect service.

SO REPORTED and RECOMMENDED this 27th day of July, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE